IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA    )
                            )
v.                          )            Criminal No. 3:17-cr-111–HEH
                            )
DARRELL L. WITCHER,         )
                            )
          Petitioner.       )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Darrell L. Witcher ("Witcher"), a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ("§ 2255 Motion," ECF No. 85.)[1]  The Government filed a Response in which it argues that the § 2255 Motion is untimely and that Witcher's claim is procedurally defaulted.  (ECF No. 93.)  Witcher has replied.  (ECF Nos. 94, 97, 102, 103.)  Witcher has also filed a document that the Court construes as a request to amend his § 2255 Motion. ("Motion to Amend," ECF No. 101.)  As explained below, the § 2255 Motion (ECF No. 85) will be denied because it is untimely and the Motion to Amend (ECF No. 101) will be denied as futile.

## I.     PROCEDURAL HISTORY

On August 15, 2017, a grand jury charged Witcher and a co-defendant with a single count of possession of a firearm by a convicted felon, in violation of 18 U.S.C.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system in citations to the record.  The Court corrects the capitalization, punctuation, and spelling, and omits any emphasis and symbols in quotations from the parties' submissions.

§ 922(g)(1) (Count One). (ECF No. 1 at 1.) On November 1, 2017, Witcher pled guilty

to Count One. (ECF No. 30.) On February 6, 2017, the Court entered judgment against

Witcher and sentenced him to 78 months of incarceration. (ECF No. 60 at 1–2.) On

October 31, 2018, the United States Court of Appeals for the Fourth Circuit affirmed

Witcher's sentence. (ECF Nos. 73, 74.)

On August 16, 2020, Witcher filed the present § 2255 Motion.[2] In his § 2255

Motion, Witcher alleges the following claim for relief:

> Claim One: Witcher's "guilty plea [to Count One] must be vacated in light of [the] Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019)." (ECF No. 85 at 1 (parallel citation omitted).)

As discussed below, Claim One is barred by the statute of limitations.

## II.   STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA")

amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a

§ 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)**   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)**   the date on which the judgment of conviction becomes final;
> **(2)**   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)**   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

---

[2] Witcher swears that he placed his § 2255 Motion in the prison mailing system for delivery to this Court on August 16, 2020. (ECF No. 85 at 3.) Accordingly, the Court deems the § 2255 Motion filed as of this date. *See Houston v. Lack*, 487 U.S. 266 (1988).

                    newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)**    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.    Running of the Statute of Limitations

The Fourth Circuit affirmed Witcher's sentence on October 31, 2018. (*See* ECF Nos. 73, 74.) Consequently, under 28 U.S.C. § 2255(f)(1), Witcher's conviction and sentence became final on Tuesday, January 29, 2019. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when t[he] [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); Sup. Ct. R. 13(1) (requiring certiorari petition be filed within 90 days of judgment). Thus, Witcher had until Wednesday, January 29, 2020, to file a § 2255 motion challenging his conviction and sentence. Because Witcher did not file his § 2255 Motion until August 16, 2020, the motion is untimely.

Therefore, Witcher's § 2255 Motion is barred by the statute of limitations unless he demonstrates some basis for a belated commencement of the limitation period or some equitable basis for avoiding the limitation period. Witcher fails to provide any argument that his § 2255 Motion is timely.

Nevertheless, the Court will consider whether Witcher is entitled to belated commencement of the limitations period under § 2255(f)(3) based on *Rehaif*, or whether his claim that he is actually innocent of Count One following *Rehaif* (*see* ECF No. 102 at

1), provides him with a basis for avoiding the limitations period. The Court will address each question in turn.

### B.    Belated Commencement

Section 2255(f)(3) provides that a petitioner may bring a claim within a year of the date of which the right asserted was initially recognized by the Supreme Court. "[T]o obtain the benefit of the limitations period stated in § 2255(f)(3), [Witcher] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). Even if *Rehaif* recognized a new, retroactive right, Witcher's § 2255 Motion nevertheless remains untimely. *Rehaif* was decided on June 21, 2019. Therefore, to be timely, Witcher needed to file his § 2255 Motion raising his *Rehaif* claim no later than June 22, 2020. Witcher did not file his § 2255 Motion until August 16, 2020, after the one-year period for bringing such a claim expired. Thus, even if Witcher were entitled to a belated commencement of the limitations period, his *Rehaif* claim would remain untimely.

### C.    Actual Innocence

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To establish actual innocence, a petitioner must demonstrate his "factual innocence, not mere legal insufficiency of his conviction." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998)

4

(citation omitted); *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1992) (indicating that a petitioner must establish "actual factual innocence").

Witcher contends that after *Rehaif*, he is "actually innocent" of Count One because his plea agreement was rendered "null and void." (ECF No. 102 at 1.)  To the contrary, Witcher is not entitled to avoid the statute of limitations because he merely challenges the legal sufficiency of his conviction and has failed to demonstrate his "factual innocence." *Bousley* , 523 U.S. at 623–24 (citation omitted); *Mikalajunas*, 186 F.3d at 494.

In affirming his sentence, the Fourth Circuit summarized the evidence against Witcher as follows:

> On November 15, 2016, Richmond police officers attempted to stop a vehicle driven by Darrell L. Witcher because it had a defective taillight. Instead of stopping, Witcher sped away and attempted to elude the officers. During the ensuing chase, Witcher's passenger, Tynell D. Jones, threw some firearms out of the passenger window. Shortly thereafter, the officers apprehended the men and recovered two firearms from the pursuit route: a Smith & Wesson .40 caliber handgun and a Glock .40 caliber handgun that had a large capacity magazine. Witcher, who was a convicted felon, eventually pled guilty to possessing the Smith & Wesson handgun in violation of 18 U.S.C. § 922(g)(1).

(ECF No. 73 at 1 (footnote omitted).)

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm.  A separate provision, 18 U.S.C. § 924(a)(2), states that anyone who "knowingly violates" § 922(g) shall be fined or imprisoned for up to ten years.  In *Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status"

that renders firearm possession unlawful.  139 S. Ct. at 2197.  Thus, *Rehaif* held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200 (emphasis added).[3]

In *Rehaif*, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' 922(g)."  139 S. Ct. 2195.  The Supreme Court set forth four elements that makes possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *Id.* at 2195–96. Only element (1) is at issue in the present case:  whether Witcher was aware that he was a felon with a sentence of more than a year at the time he possessed the firearm.[4]

---

[3] The defendant in *Rehaif* was convicted of being an alien unlawfully in the United States in possession of a firearm.  139 S. Ct. at 2194.  Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted).  The district court overruled the objection and Rehaif was convicted. *Id.*  The Court of Appeals affirmed the conviction. *Id.* at 2195.  The Supreme Court reversed, holding that the evidence "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

[4] As the Supreme Court inferred in *Rehaif*, the Government's duty to prove a defendant's knowledge of his status is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence."  139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)).  Indeed, "[d]emonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason:  Convicted felons typically know they're convicted felons.  And they know the Government would have little trouble proving that they knew." *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2807 (2021).  Here, the Government could have easily shown that Witcher knew he was a felon.

Nowhere in his submissions does Witcher allege that he was unaware of the fact that he was a felon. *Cf. Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."). To the contrary, ample evidence shows that Witcher knew of his felon status on the date in question.

Prior to the present offense, Witcher was convicted on more than one occasion of more than one felony offense, which subjected him to a possible sentence in excess of one year. (ECF No. 47 ¶¶ 37, 41.) In 2014, Witcher was convicted by the Circuit Court for the City of Richmond for possession of cocaine. (*Id.* ¶ 37.) He was sentenced to 3 years of imprisonment with 2 years and 11 months of the 3 years suspended.[5] (*Id.*) In 2015, the Circuit Court for the City of Richmond revoked 6 months of Witcher's suspended felony sentence based on various violations. (*Id.*) In 2016, Witcher was back in the Circuit Court for the City of Richmond where he was again convicted of possession of cocaine. (*Id.* ¶ 41.) This time, the Circuit Court sentenced him to 5 years of imprisonment with 4 years and 6 months of the 5 years suspended. (*Id.*) Moreover,

---

[5] Although Witcher received the benefit of a partially suspended sentence, it does not change the fact that he was convicted for a crime that was clearly "punishable by imprisonment for a term exceeding one year." *See* 18 U.S.C. § 922(g)(1). Indeed, it is ultimately irrelevant whether Witcher served any time in prison or not; it is the nature of the conviction, not the sentence that matters. *See Johnson v. United States*, No. 6:12–cv–00632, No. 6:09–cr–0205, 2013 WL 6633953, at *3 (S.D. W. Va. Dec. 17, 2013) (noting that "§ 922(g)(1) do[es] not require the defendant's prior sentence involve actual prison time in excess of a year"); *see United States v. Harris*, 458 F. App'x 297, 299 (4th Cir. 2011) (finding nine-year suspended sentence satisfied § 922(g)(1)).

Witcher was still under his suspended state sentence when the events underlying Count One took place. (*See id.* ¶¶ 41.)[6]

Based on the forgoing facts, Witcher clearly knew he was a felon when the events giving rise to Count One occurred. Moreover, Witcher also clearly knew that he was prohibited from possessing a firearm at that time. (*See* ECF Nos. 92-1, 92-2.)

On July 24, 2014, while on probation with state authorities, Witcher signed a document with the subject, "Possession of Firearms and/or Ammunition," which was addressed to "Anyone convicted of a felony on probation, parole, and/or post release supervision." (ECF No. 92-1 at 1). The body of the document stated:

> The provisions of the Gun Control Act of 1968, 18 U.S.C. [§] 922 and 18 U.S.C. [§] 1202 – Appendix, relate to any person who has been convicted of a crime, punishable imprisonment, for a term exceeding one year, whether or not such sentence was imposed or served. Under these provisions, no probationer or parolee may purchase, carry, own or possess firearms or ammunition.
> The above information is called to your attention so that you will not unknowingly or knowingly violate federal law.

(*Id.*) Witcher signed this document underneath an acknowledgment, which stated:

> I hereby acknowledge that the above was read by me, or to me. I thoroughly understand that I cannot purchase, carry, own or possess firearms or ammunition, unless I have received proper relief through the provisions of the Gun Control Act of 1968, 18 U.S.C. [§] 925(c) or 18 U.S.C. [§]12–3(2). I also understand that relief cannot be obtained while I am under supervision.

(*Id.*) Making matters worse for Witcher, on October 12, 2016, a mere month before the events underlying Count One occurred on November 15, 2016, while he was still on

---

[6] In addition to his adult convictions, Witcher also has juvenile felony adjudications for robbery and grand larceny from a person, among other things. (ECF No. 47 ¶¶ 23–28.)

felony probation with the state, Witcher signed a second, seemingly identical document for his probation officer.[7]  (ECF No. 92–2.)

Simply put, Witcher has failed to demonstrate his "actual factual innocence" as to Count One.  *See Mikalajunas*, 186 F.3d at 494.  At most, Witcher states a challenge to the legal sufficiency of his conviction.  *See Bousley*, 523 U.S. at 623–24 (citation omitted). That, however, does not open the "gateway" that is necessary for Witcher to avoid the statute of limitations in this instance.  *See McQuiggin*, 569 U.S. at 386.  Accordingly, Claim One is barred by the statute of limitations and will be dismissed.

### III.  LEAVE TO AMEND

"Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment."  *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted).  For the reasons stated below, amending Witcher's § 2255 Motion at this juncture would be futile.

As an initial matter, Witcher fails to explain, and the Court fails to discern, why Witcher should be allowed to amend his § 2255 Motion, which was untimely and not properly before the Court in the first instance.  *See United States v. Harris*, No. 3:15cr170(DJN), 2021 WL 1823109, at *4 (E.D. Va. May 6, 2021) (questioning whether prisoner could amend untimely § 2255 motion).  However, even if the Court

---

[7] While documents like these are by no means necessary to sustain a conviction under 18 U.S.C. § 922(g)(1), *see United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020) (finding that *Rehaif* does not require the Government to "also prove the defendant knew his or her status prohibited firearm ownership or possession"), they certainly illustrate the strength of the Government's case and highlight Witcher's glaring guilt.

were to assume without deciding that such an amendment is possible in theory, Witcher has nevertheless failed to show that amendment is warranted in this instance.

In his Motion to Amend (ECF No. 101) Witcher seeks leave to add a new claim alleging that the Court is violating the 13th Amendment[8] by allowing his continued incarceration. (*Id.* at 4–5.) However, it is clear that Witcher's proposed claim is simply a repackaged version of Claim One. At its core, Witcher's argument is based on his erroneous belief that, after *Rehaif*, his "conduct is not a crime." (*Id.* at 2.)

As discussed above, the time for Witcher to file a *Rehaif* claim has passed, and he may no longer challenge his conviction on that basis. *See* Section II.C, *supra.* Even if he had timely filed such a claim, Witcher would still not be entitled to relief based on *Rehaif*.[9] Moreover, the record indicates that Witcher is not actually factually innocent of

---

[8] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII.

[9] As the Government correctly asserts, Witcher is barred from raising a *Rehaif* claim here because he could have raised one on direct review but did not. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998) (explaining that claims that could have been raised, but were not raised, on direct review are procedurally defaulted and may not be considered absent a showing of cause and prejudice or actual innocence). The Court need not consider whether Witcher could show cause for his default because the same information that precludes him from demonstrating actual innocence also precludes him from demonstrating prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982). The evidence against Witcher was overwhelming. He clearly was aware of his felon status. Moreover, he acknowledged in writing, not once but twice, that he knew that he was prohibited from possessing a firearm. Under these circumstances, no reasonable defendant in Witcher's position would have insisted on a trial where they most certainly would have been convicted and faced a substantially longer sentence. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (petitioner must show "a reasonable probability that, but for [the alleged] errors, he would have not pleaded guilty and would have insisted on going to trial"); *Greer*, 141 S. Ct. at 2098 ("Gary . . . cannot show that, but for *Rehaif* error . . . there is a reasonable probability he would have gone to trial"). In any event, whether he timely filed a claim or not, *Rehaif* offers Witcher no relief.

Count One. *See* Section II.C., *supra*. Thus, Witcher's lawful conviction for Count One and his lawful sentence will remain undisturbed. Simply put, *Rehaif* does not have near the breath that Witcher seems to believe that it does, and no amount of creative arguments or accusations will change that.

Because Witcher failed to demonstrate that his current incarceration is illegal, whether based upon *Rehaif* or otherwise, much less that his conditions of confinement even remotely resemble slavery, *cf. Moore v. United States*, No. C–11–117, 2011 WL 4067756, at *3 (S.D. Tex. Sept. 12, 2011) ("The limitation of privileges afforded to legally incarcerated prisoners is not the same as slavery prohibited by the Thirteenth Amendment."), amendment at this juncture would be futile. Accordingly, the Motion to Amend (ECF No 101) will be denied.

## IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion (ECF No. 85) and the Motion to Amend (ECF No. 101) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S.

11

473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Witcher

has not satisfied this standard.  Accordingly, a certificate of appealability will be denied.

An appropriate Order shall accompany the Memorandum Opinion.


_____ /s/

Henry E. Hudson
Senior United States District Judge

Date: January 19, 2023
Richmond, Virginia